## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **LORENZO ARMIJO,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No.** 3:23-cv-01514 |
| | § | |
| **MOVEMENT MORTGAGE, LLC and** | § | |
| **LAKEVIEW LOAN SERVICING, LLC,** | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332 and 1441, Movement Mortgage, LLC, ("Movement") and Lakeview Loan Servicing, LLC ("Lakeview"), collectively ("Defendants"), remove this action from the County Court at Law No. 4 of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and in support thereof would show unto the Court the following:

### I.    STATE COURT ACTION

1.    On March 27, 2023, Plaintiff Lorenzo Armijo ("Plaintiff" or "Armijo") filed Plaintiff's Original Petition (the "Complaint"), styled *Lorenzo Armijo v. Movement Mortgage, LLC and Lakeview Loan Servicing, LLC*, Cause No. CC-23-01772-D, in the County Court at Law No. 4 of Dallas County, Texas.

2.    Pursuant to 28 U.S.C. §1446(d), this Notice of Removal will be filed with the County Court at Law No. 4 of Dallas County, Texas and a copy of this Notice of Removal will also be served on all parties. Pursuant to Fed. R. Civ. P. 7.1 and L.R. 81.1, Defendants have filed contemporaneously with this Notice the civil cover sheet, supplemental cover sheet, state court docket, state court file, and a certificate of interested persons.

3.      In the State Court Action, Plaintiff alleges causes of action centered around the foreclosure of the real property commonly known as 2730 Moonriver Lane, Farmers Branch, Texas 75234 (the "Property"). Plaintiff brought his lawsuit against Defendants asserting claims for quiet title and trespass to try title, breach of contract, fraud in a real estate transaction, and wrongful foreclosure.

4.      Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, orders, and other papers filed in the County Court at Law No. 4 of Dallas County and obtained by Defendants are attached hereto.

5.      In support of this removal and as required by Local Rule 81.1, please find attached as follows:

| | |
|---|---|
| **Exhibit A:** | Civil Cover Sheet; |
| **Exhibit B:** | Supplemental Civil Cover Sheet; |
| **Exhibit C:** | Index of Documents Filed in State Court; |
| **Exhibit D:** | State Court Civil Docket Sheet; |
| **Exhibit E:** | State Court File; |
| **Exhibit F:** | Certificate of Interested Parties; and |
| **Exhibit G:** | Tarrant County Appraisal District Record. |

## II.      TIMELINE FOR NOTICE OF REMOVAL

6.      Defendant Lakeview was served in this matter on June 12, 2023. Defendant Movement was served on June 21, 2023. Less than thirty (30) days have passed since Defendants received service of this lawsuit, and thus, removal is timely. 28 U.S.C. §1446(b)(1).

### III.    BASIS FOR REMOVAL: DIVERSITY JURISDICTION

7.    The Court further has original jurisdiction over this action pursuant to 28 U.S.C. §§1332, 1441(a) and (b) because there is diversity among all parties and the amount in controversy is well in excess of $75,000.00 exclusive of interest, costs, and attorneys' fees.

### a.    Diversity of Citizenship

8.    Based upon Plaintiff's Complaint, Plaintiff Lorenzo Armijo is a citizen of Dallas County, Texas.

9.    Defendant Movement is a limited liability company with two owner-members, Abram's Promise, Inc. and Harris Covenant, Inc. The citizenship of a limited liability company depends on the citizenship of all its members. *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). A corporation is a citizen of every state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. §1332(c)(1). Abram's Promise, Inc. is incorporated in the State of North Carolina and has its principal place of business at its headquarters in Indian Lakes, South Carolina. Harris Covenant, Inc. is incorporated in the State of Virginia and has its principal place of business in Norfolk, Virginia. Based on the foregoing, Movement, LLC is a citizen North Carolina, South Carolina and Virginia for diversity purposes.

10.    Defendant Lakeview Loan Servicing, LLC is a Florida limited liability company. The citizenship of a limited liability company depends on the citizenship of all its members. *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Lakeview Loan Servicing, LLC's sole member is Bayview MSR Opportunity Corp. A corporation is a citizen of every state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. §

1332(c)(1). Bayview MSR Opportunity Corp. is incorporated by the State of Delaware and maintains its principal office and place of business in Coral Gables, Florida. Bayview MSR Opportunity Corp. is therefore a citizen of both Delaware and Florida. Based on the foregoing, Lakeview Loan Servicing, LLC is a citizen of Delaware and Florida for diversity purposes.

11.     Plaintiff is a citizen of Dallas County, Texas, Defendant Movement is a citizen of North Carolina, South Carolina, and Virginia and Defendant Lakeview is a citizen of Delaware and Florida, accordingly this lawsuit is between citizens of different states and complete diversity exists among the parties. See 28 U.S.C. §1332(a)(2).

**b.     Amount in Controversy Exceeds $75,000.**

12.     Plaintiff's Complaint does not specifically allege the amount in controversy, but states that Plaintiff seeks (a) monetary relief of $250,000 or less, including damages, penalties, costs, fees, and (b) automatic stay of pending foreclosure of the Property.  It is clear from review of the Complaint and the evidence attached hereto that the amount in controversy exceeds $75,000.

13.     The Complaint has claims for quiet title and trespass to try title, breach of contract, fraud in a real estate transaction, and wrongful foreclosure. Plaintiff seeks title to the Property and damages for the other causes of action. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003). A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000.  *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

14.     "In actions seeking declaratory relief or injunction relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). "It is well established in actions in which declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the plaintiff seeks to enforce or protect or the value of the object which is the subject matter of the suit." *Martinez v. BAC Home Loans Servicing. LP*, 777 F. Supp. 2d 1039, 1044 (W.D.Tex.2010). The Fifth Circuit has held that when the right to the property is at issue, the value of the property controls the amount in controversy. *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961); see also *Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir.2009) (Waller extended to a suit seeking injunctive relief to prevent foreclosure). Here, Plaintiff seeks to set aside the foreclosure and title to the Property free and clear of Defendant's lien.

15.     Here, the current fair market value of the Property at issue is a current measure, as Plaintiff seeks title to that property and injunction relief. The most recent tax appraisal for the Property set the market value for the Property at $315,030.[1] The title to the property in excess of $315,030, along with damages including injunctive relief, clearly meets the $75,000 requirement. *See Griffin v. HSBC Bank*, 2010 WL 4781297 at *3 (N.D. Tex. Nov. 24, 2010)(considering appraisal district figure as evidence that amount in controversy requirement was met); *Eisenberg v. Deutsche Bank Trust Co. Americas*, No. SA–11–CV–384–XR, 2011 WL 2636135, *1 (W.D. Tex. 2011), 2011 WL 2636135 at *1 (same). Accordingly, amount in controversy more likely than not exceeds $75,000.

## IV.     VENUE

---

[1] *See* Exhibit G – Dallas County Appraisal District valuation for the Property for 2023.

16.    Venue for this Removal is proper in the United States District Court for the Northern District of Texas, Dallas Division, because this district and division includes Dallas County, Texas, which is the location of the pending state court action. 28 U.S.C. §1441(a).

## V.    CONCLUSION

WHEREFORE Defendants Movement Mortgage, LLC, and Lakeview Loan Servicing, LLC, remove this action from the County Court at Law No. 4 of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

**BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP**

/s/ *Shawnika L. Brooks*
Shawnika L. Brooks
State Bar No. 24106058
S.D. Bar No. 3482944
Robert D. Forster, II
State Bar No. 24048470
S.D. Bar No. 2647781
4004 Belt Line Road, Ste. 100
Addison, Texas 75001
(972) 386-5040
(972) 341-0734 (Facsimile)
RobertFO@bdfgroup.com
ShawnikB@bdfgroup.com

/s/ *Shelley L. Hopkins*
Shelley L. Hopkins
State Bar No. 24036497
HOPKINS LAW, PLLC
3 Lakeway Centre Ct., Suite 110
Austin, Texas 78734
(512) 600-4320
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP - *Of Counsel*
ShelleyH@bdfgroup.com

shelley@hopkinslawtexas.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of July 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

Eric D. Walker
6060 N. Central Expy., Suite 500
Dallas, Texas 75206
ewalker@mwtrialfirm.com

**ATTORNEY FOR PLAINTIFF**

/s/ *Shawnika L. Brooks*
Shawnika L. Brooks