UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORENZO ARMIJO, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-1514-k-bn |
| | § | |
| MOVEMENT MORTGAGE, LLC and | § | |
| LAKEVIEW LOAN SERVICING, LLC, | § | |
| | § | |
| *Defendants.* | § | |

**JOINT 26(F) REPORT AND PROPOSED DISCOVERY PLAN**

Now Comes Plaintiff Lorenzo Armijo ("Plaintiff") and Defendants Movement Mortgage, LLC and Lakeview Loan Servicing, LLC ("Defendants") and files this Joint Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order Requiring 26(f) Report and Setting 16(B) Conference ("Order") (Doc. 4).

**I.  PROPOSED DISCOVERY PLAN**

a) A brief but specific description of the nature of the and the contention of the parties, including identifying, as specifically as possible, (i) the key, disputed issues that are raised by each claim or defense; (ii) the specific relief that each party seeks (such as damages, restitution, and injunctive or declaratory relief), including the amount or form of each type of relief; and (iii) the issues that will require expert testimony and the expert witnesses, identified by area of expertise if not by name, who will be necessary to address those issues; and

**Response:**
Plaintiff makes the following factual allegations:

Plaintiff owns the Property. Lakeview Loan Servicing, LLC ("Lakeview") claims to be the mortgage servicer and Movement Mortgage, LLC ("Movement") claims to be the

mortgagee of the mortgage loan encumbering the Property. As part of the Deed of Trust, the Lender was required to provide notice to Plaintiff prior to any acceleration, which was required to "specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property." *See* Deed of Trust, Section 22.

The Deed of Trust allowed the Lender to sell the Property only if the Borrower failed to cure the default as prescribed in the written notice required by Section 22 and Section 14.

Defendant Movement never sent to Plaintiff any written notice of any default, the action required to cure the default, or other information required by Section 22 of the Deed of Trust.

Plaintiff has never received any notice that anyone other than Scott R. Valby has had any authority to act as substitute trustee under the Deed of Trust.

Despite failing to send the required written notice, Defendant Movement proceeded to conduct an invalid foreclosure sale on a date prior to January 17, 2023, which is the date a Substitute Trustee's Deed was executed by someone named Brandy Bacon. The Substitute Trustee's Deed did not identify the date of the alleged sale, or any details of the alleged sale other than a purchase price of $248,000.00.

On March 13, 2023, Defendant Lakeview filed a forcible detainer action in the Justice Court, Precinct 5, Place 1 of Dallas County, given Cause No. JPC-23-01247-51, and styled Lakeview Loan Servicing, LLC v. Lorenzo Armijo, Jr.; and/or all other occupants. The petition made general allegations, but did not contain details about when and when the alleged pre-

foreclosure notice(s) were mailed, the contents of any such notice(s), and failed to contain details about when and where the alleged pre-sale notice(s) were mailed, and the contents of any such notice(s).

To date, Defendants have not provided documentation that could be used to verify whether any valid assignment of the underlying Note and Deed of Trust were assigned prior to the purported foreclosure sale, or whether Defendant provided information and documents that could arguably support their right to conduct a foreclosure sale.

Plaintiff has alleged causes of action for: Suit to Quiet Title and Trespass to Try Title, Breach of Contract, Fraud in a Real Estate Transaction, and Wrongful Foreclosure, all based on the facts alleged above. The primary fact issues that tie all the causes of action together are whether Defendants had authority to perform a foreclosure sale, whether Defendants gave all required notices and opportunities to cure any alleged defects, and whether Defendants properly accounted for all payments and obligations owed under the note and deed of trust.

The primary remedy Plaintiff is seeking is rescission of the improper foreclosure sale performed on an unknown date in January, 2023.

(i) Defendants generally deny each and every allegation contained within Plaintiff's Petition and any amendment thereto and demands strict proof thereof as required by the Constitution and the laws of the State of Texas. Defendant further asserts that (1) all conditions precedent to Plaintiff's rights to recover, if any, have not been satisfied, have not occurred or have not been waived; (2) Plaintiff's claims are barred by unclean hands; (3) plaintiff's damages, if any, which Defendants do not admit, were caused in whole or in part by Plaintiff's on acts, negligent or otherwise, and Defendants are thus not liable; (4) Plaintiff's claims are barred due to Defendants are thus not liable; (5) Plaintiff's claims are barred due to Defendant's

compliance with the terms of the Note, Deed of Trust, and all applicable Texas and Federal law; (6) Defendants asserts any and all limitations on exemplary damages, additional damages, and/or punitive damages prescribed by the Texas Rules of Civil Procedure and/or case law and/or Civil Practice and Remedies Code; (7) Plaintiff fails to state a claim upon which relief can be granted; (8) Plaintiff's claims are barred by his prior breach; (9) Plaintiff's claims are barred by the statute of frauds; (10) Plaintiff's claims are barred by the economic loss doctrine. (ii) Defendant is not seeking damages at this time; (iii) Defendant does not anticipate proffering an expert in this case, but reserves the right to a designate an expert in accordance with the scheduling deadlines set by this Court.

    b) A proposed discovery plan including:

    i. An estimate of the time needed for discovery, with an explanation of the reason for the estimate, and a specific description of the contemplated scope, types (such as interrogatories, depositions, subpoenas, and the like), subject matter, and expected duration of discovery to be conducted by each party, consistent with Federal Rule of Civil Procedure 26(b);

    **Response**: The parties believe 6 months is sufficient to exchange discovery and hold depositions.

    Plaintiff: Plaintiff anticipates servicing written requests for admissions, interrogatories, and requests for production as well as deposing Defendants.

    Defendants: Defendants anticipate servicing written requests for admissions, interrogatories, and requests for production as well as deposing Plaintiff.

    ii. An explanation of any issues related to the accessibility (including costs involved in accessing of), retention, preservation, disclosure, and/or discovery and production of electronically stored information, including the need for any protective order and the form or

forms (such as TIF, PDF, or native; with or without metadata; and searchable or not) in which any electronically stored information should be produced and the organization of any production of electronically stored information, see Fed. R. Civ. P. 34(B)(2)(E)(i)-(iii);

**Response**: The parties do not anticipate any issues related to the accessibility, retention, preservation, disclosures, and/or discovery and/or production of electronically stored information.

    iii.    A discussion of whether discovery should be conducted in phases, should be limited to certain issues, or should initially focus on subjects and sources that are most clearly proportional to the needs of the case (such as information that is clearly going to be important to the case and is easily obtain) under Rule 26(b);

**Response**: The parties do not believe it is necessary to limit discovery.

    iv.    A discussion of what facts can be stipulated and what facts or factual issues are undisputed and can be removed from the scope of discovery to be conducted;

**Response**: The parties have not come to an agreement as to the stipulation of facts.

    v.    A discussion of whether the presumptive limits of 10 disposition per side, seven hours per deposition, and 25 interrogatories per party, as well as a limit of thirty Federal Rule of Civil Procedure 26 requests for admission per party, should apply in this case. Any party who suggests that these limits should not apply must set fort he reasons for variance from the rules;

**Response**: The parties have no issues with the presumptive limits in this matter.

    vi.    An explanation of any other proposed limitations on discovery;

**Response**: The parties do not propose any limits on discovery.

    vii.    An explanation of any issues relating to a party's claims of privilege, work product, or other protections, including (A) whether the parties agree on a protocol for creating and exchanging privilege logs pursuant to Rule 26(b)(5) and (B) whether the parties agree on a procedure to assert claims of privilege, work product, or other protections after production or to "claw back" inadvertently produced privileged or otherwise protected documents and will ask the Court to include their agreement in the order.

    **Response**: The parties will propose a confidentiality agreement if the need arises; however, the parties generally agree to attorney/client and work-product privilege, as well as the ability to "claw back" any inadvertently produced documents.

    viii.    A proposed deadline to designate expert witnesses and exchange written reports, in advance of a deadline to complete discovery;

    **Response:** The parties agree that experts should be designated 8 weeks prior to the close of discovery.

    ix.    An explanation of any other orders that the Court should issue under Federal Rule of Civil Procedure 26(c) or Federal Rule of Civil Procedure 16(B) and 16(c); and

    **Response**: N/A

    x.    A proposed deadline to complete discovery.

    **Response**: The party agree that the discovery deadline should be set for January 24, 2023.

## II.    26(F) REPORT

    a) A brief but specific explanation of the basis for this Court's jurisdiction over this action and the parties hereto, including, in any action for which 28 U.S.C. § 1332 is alleged to provide the basis for subject-matter jurisdiction or venue, including, in a case removed from

state court, any challenges to procedural or jurisdictional defects in the removal; challenges to procedural or jurisdictional defects in the removal;

**Response**: This case is removable pursuant to 28 U.S.C. §§1332 and 1441 because the parties are diverse.

b) Any pending or contemplated motions, including, in any action removed from state court, any motions that were filed in state court;

**Response**: N/A

c) A deadline to file motions to amend pleadings and join additional parties;

Response: The parties agree to an amendment deadline of August 14, 2023.

d) A deadline to file dispositive motions and other pretrial motions;

**Response**: The parties agree that the dispositive motion deadline should be set for February 23, 2024.

e) The position of each party regarding mediation or other forms of alternate dispute resolution, including a deadline for the completion of such procedures, as well as regarding the possibilities for promptly settling or resolving the case;

**Response**: At this time, the parties do not believe that ADR is necessary and the parties believe settlement is possible.

f) A trial date and an explanation of whether a jury has been demanded;

**Response**: The parties request a trial date available on the court's docket in March of 2024.

g) Any other matters relevant to the status or disposition of the case;

**Response**: N/A

h) Whether the parties will consent to trial, either jury or non-jury, before the magistrate judge's authority is voluntary. Any party is free to withhold consent without adverse substantive consequences. See 28 U.S.C. § 636(c)(2); Fed. R. Civ. P. 73(b)(2). However, a magistrate judge may often be in the best position to provide a speedy, just, and expensive adjudication of a civil case while still preserving the right of direct appeal to the Court of Appeals. If all parties consent to the authority of a magistrate judge, the case will be reassigned to the magistrate judge under 28 U.S.C> §636(c) and Federal Rule Procedure 73(a) to conduct all further proceedings, including entry of a final judgment, with any appeal directly to the United State Court of Appeal for the Fifth Circuit. See 28 U.S.C. §636(c)(3); Fed. R. Civ. P. 73(c).

**Response**:  The parties do not consent to trial before a magistrate judge.

** Defendant served its disclosures on July 12, 2023.

Respectfully submitted,

By:   /s/ *Shawnika L. Brooks*
Robert D. Forster, II
State Bar No. 24048470
Shawnika L. Brooks f/k/a Shawnika L. Harris
State Bar No. 24106058
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP
4004 Belt Line Road, Ste. 100
Addison, Texas 75001
(972) 386-5040
(972) 341-0734 (Facsimile)
RobertFO@bdfgroup.com
ShawnikB@bdfgroup.com
**ATTORNEYS FOR DEFENDANT**

AND

**MORALES | WALKER PLLC**

*/s/ Eric D. Walker*
ERIC D. WALKER
State Bar No. 24047056
ewalker@mwtrialfirm.com
6060 N. Central Expy., Suite 500
Dallas, Texas 75206
972-948-3646 (Telephone)
**Attorneys for Plaintiff**


**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been delivered to all parties and counsel of record pursuant to the Texas Rules of Civil Procedure on this 24th day of July, 2023.

Via E-serve: ewalker@mwtrialfirm.com
Eric D. Walker
Morales Walker PLLC
6060 N. Central Expy., Suite 500
Dallas, Texas 75206

ATTORNEY FOR PLAINTIFF

/s/ *Shawnika L. Brooks*
Shawnika L. Brooks