IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LORENZO ARMIJO,                        §
                                       §
        Plaintiff,                     §
                                       §
V.                                     §          No. 3:23-cv-1514-K-BN
                                       §
MOVEMENT MORTGAGE, LLC                 §
and LAKEVIEW LOAN                      §
SERVICING, LLC,                        §
                                       §
        Defendants.                    §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge

for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference

from the presiding judge. *See* Dkt. No. 2.

Defendants Movement Mortgage, LLC ("Movement") and Lakeview Loan

Servicing, LLC ("Lakeview") filed a Motion for Summary Judgment. *See* Dkt. No. 16.

Plaintiff Lorenzo Armijo filed a response, *see* Dkt. No. 21, and the Defendants

filed a reply, *see* Dkt. No. 24.

**Background**

This case concerns an alleged wrongful foreclosure on the property 2730

Moonriver Lane, Farmers Branch, Texas 75234. *See* Dkt. 14-5 at 2.

Armijo executed a Note, secured by a Deed of Trust, on June 28, 2019,

promising to pay Movement $220,924.00. *See* Dkt. No. 20 at App. 5. "The Allonge to

the Note is indorsed in blank to Lakeview… and Loancare, LLC is currently acting

as servicer of the loan." *See* Dkt. No. 20 at 6. Lakeview assigned the Deed of Trust to Massachusetts Mutual Life Insurance Company, and then Massachusetts Mutual Life Insurance Company assigned the loan back to Lakeview. *See id.* at 39-42.

Defendants allege that Armijo defaulted on the loan, and they accelerated the loan. *See id.* at 8. Lakeview set a foreclosure sale of the property for January 3, 2023. *See id.* Lakeview purchased the property at the sale for $248,000. *See id.* at 9.

Armijo filed a petition in state court against Defendants in March 2023, asserting quiet title and trespass to try title, breach of contract, fraud in real estate action, and wrongful foreclosure causes of action. *See* Dkt. No. 14-5. Armijo requested that the Court rescind the foreclosure sale, award Armijo monetary relief, and issue an order allowing Armijo to buy Movement's Note and Defendants' "property interest in the residence." *Id.* at 9-10. Defendants filed an answer. *See* Dkt. No. 27-1.

Defendants then timely removed the suit to this Court on the basis of diversity jurisdiction but failed to properly allege citizenship. *See* Dkt. No. 1. Following a court order [Dkt. No. 13], Defendants filed an Amended Notice of Removal and properly alleged citizenship. *See* Dkt. No. 14.

Defendants then filed this Motion for Summary Judgment [Dkt. No. 16] on all of Armijo's claims and requesting the Court to dismiss Armijo's complaint with prejudice. *See* Dkt. No. 17 at 18-19.

## Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."

*Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (cleaned up).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (cleaned up)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625.

"The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (cleaned up). And "[u]nsubstantiated

assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (cleaned up)). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (cleaned up).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (cleaned up). "[T]he mere existence of some alleged factual

dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (cleaned up).

And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (cleaned up). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (cleaned up).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*,

465 F.3d 156, 164 (5th Cir. 2006) (cleaned up).

**Analysis**

Defendants move for summary judgment on each of Armijo's claims. In opposition to this motion, Armijo argues that 1) the foreclosure sale was invalid because the lender did not provide proper notice of the sale and the Substitute Trustee's Deed was insufficient and 2) the affidavits and declarations submitted by Defendants are improper hearsay unable to support the claim lenders gave proper notice of foreclosure sale. *See* Dkt. No. 22.

The undersigned will address each claim in turn.

1. <u>Breach of Contract</u>

To succeed on a breach of contract claim under Texas law, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003).

Armijo argues that the foreclosure sale was void due to a lack of proper notice and insufficiency of the Substitute Trustee's Deed. *See generally* Dkt. No. 22.

The Deed of Trust states that

Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument… The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given by Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the

right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration or sale.

Dkt. No. 20 at App. 24.

Armijo also points to the Texas Property Code, which states that, "[e]xcept as provided by Subsection (b-1), notice of the sale, which must include a statement of the earliest time at which the sale will begin, must be given at least 21 days before the date of the sale by: 3)  serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt." TEX. PROP. CODE § 51.002(b)(3).

Defendants' summary judgment evidence shows that they provided the proper notice of default, acceleration, and sale.

Defendants attach a notice of default dated November 20, 2019, which states that Armijo is in default, that he must send in $4,076.49 to cure the default by December 25, 2019, and "[f]ailure to cure the default on or before this date will result in acceleration of the sums secured by the Security Instrument and sale of the property." *See* Dkt. No. 20 at App. 35. The document states at the top it was sent "via certified mail." *See id.*

Defendants also attach a declaration of Darcie Lyle, an assistant secretary at Lakeview Loan Servicing, which states that Lyles reviewed all business records and that "[o]n November 20, 2019, LoanCare, acting as servicer, mailed to Borrower via certified mail to the Property address a Notice of Default…. [A] true and correct copy of the Notice of Default is attached herto as Exhibit A-3." *Id.* at App. 3.

Armijo challenges whether LoanCare successfully mailed him the Notice of Default. But "[s]ervice of notice is complete when the notice is sent via certified mail," "[t]he affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service," and Defendants satisfied their burden by submitting this affidavit, where "[t]here is no requirement that [Armijo] receive the notice." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (cleaned up).

Defendants also attach a Notice of Acceleration of Maturity and Notice of Non-Judicial Foreclosure Sale ("Notice of Sale) and Appointment of Substitute Trustee ("Appointment") dated July 1, 2022, which states a foreclosure sale will take place September 6, 2022. *See id.* at App. 53. Defendants support the notice with a declaration of mailing and declaration of Christopher K. Baxter, an attorney for the Marinosci Law group. *See id.* at App. 49-52. Defendants also provided tracking numbers for the Notice of Sale, Appointment, and notice the loan has been referred for foreclosure sent in July 2022. *See id.* at App. 58.

Armijo argues that the tracking numbers provided by Defendants for the notices sent in July – 71969002484070508226, 71969002484070508240, and 71969002484070508271 – are "Moving Through Network" according to the United States Post Office ("USPS"). *See* Dkt. No. 21 at 11-12. But, again, under Texas Property Code Section § 51.002(e), "[s]ervice of notice is complete when the notice is sent via certified mail," and "[t]here is no requirement that [Armijo] receive the notice." *Martins*, 722 F.3d at 256.

Defendants sent a second notice of Appointment and Notice of Sale on November 14, 2022, notifying Armijo that the foreclosure sale would take place January 3, 2023. *See* Dkt. No. 20 at App. 60-68. Armijo states that Defendants never mailed this notice because the tracking numbers of "71969002484072278207, 71969002484072278238, and 71969002484072278269 each resulted in a message saying, 'Label Crated, not yet in system[,]'" showing that the documents were never mailed. Dkt. No. 21 at 7-8. But the actual tracking numbers are 719690028407<u>2778</u>207, 719690028407<u>2778</u>238, and 719690028407<u>2778</u>269. *See* Dkt. No. 18 at App. 68. On this record, Armijo has not shown a genuine issue of material fact that the notices were not sent.

Armijo also attaches his own affidavit to his response to the Motion for Summary Judgment that states he did not receive a notice of default or other required notices and that Defendants did not send the notices. *See* Dkt. No. 23 at 2-3. But "[t]here is no requirement that [Armijo] receive the notice." *Martins*, 722 F.3d at 256. And, as to whether Defendants sent the notices, while an "'affidavit can create genuine issues of material fact... even if the affidavit is self-serving and uncorroborated' if a party's affidavit 'is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.'" *Rodriguez v. City of Laredo*, 459 F. Supp. 3d 809, 816-17 (S.D. Tex. 2020). Here, Armijo's affidavit is contradicted by the record provided by Defendants.

Armijo further argues that the declarations of mailing by Charlene Broussard and Jacob Smith and declaration of Christopher K. Baxter are hearsay and so are inadequate summary judgment evidence. *See* Dkt. No. App. 52, 64.

> Pursuant to Federal Rule of Civil Procedure 56(c)(4), a "declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the ... declarant is competent to testify on the matters stated." *Mason v. AT&T Servs. Inc.*, 2019 WL 4721015, at *5 (N.D. Tex. Aug. 27, 2019) (Rutherford, J.) (quoting Fed. R. Civ. P. 56(c)(4)) (internal quotations omitted). Personal knowledge may be inferred from the declarant's position with the company. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005). "A custodian of records is competent to testify regarding business records as a corporate representative." *See Perdomo v. Fed. Nat'l Mortg. Ass'n*, 2013 WL 1123629, at *2 (N.D. Tex. Mar. 18, 2013) (Lynn, J.) (first citing Fed. R. Evid. 803(6); and then citing *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000)).

*Rummans v. HSBC Bank USA Nat'l Ass'n as Tr. for MASTR Reperforming Loan Tr. 2005-2*, No. 3:22-cv-2046-M-BT, 2024 WL 495955, at *3 (N.D. Tex. Jan. 23, 2024), *rep. & rec. adopted*, 2024 WL 495258 (N.D. Tex. Feb. 8, 2024).

Baxter's declaration meets these requirements. He declares under penalty of perjury that he is "the custodian of Loancare's records with respect to default of servicing of the subject loan agreement" and that he has reviewed the business records in Armijo's case. Dkt. No. 20 at App. 49.

And "the affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." TEX. PROP. CODE § 51.002(e); *see* Dkt. No. 20 at App. 49; *see, e.g.*, *US Bank N.A., Tr. to LaSalle Bank Nat'l Ass'n v. Parson*, No. 3:20-CV-2104-N-BT, 2020 WL 7295838 (N.D. Tex. Nov. 20, 2020) ("It also submits a Declaration of Mailing signed by Philip C. Reeves, counsel for US Bank. Pl.'s Ex. 7 (ECF No. 21-7). Reeves claims to have personal knowledge of service –

given his position and review of the documents and file – and declares under penalty of perjury that the Notice of Acceleration was mailed via certified mail. *Id.*"), *rep. & rec. adopted*, 2021 WL 567171 (N.D. Tex. Feb. 12, 2021).

And, so, the Court should overrule any hearsay objection to the declarations of mailing and the declaration of Christopher K. Baxter.

Defendants argue that, because Armijo is in default, he cannot maintain a breach of contract claim. Dkt. No. 17 at 14.

But that is not dispositive. As the United States Court of Appeals for the Fifth Circuit has stated,

> Texas courts "must ... attempt to give effect to all contract provisions so that none will be rendered meaningless." If performance of the terms of a deed of trust governing the parties' rights and obligations in the event of default can always be excused by pointing to the debtor's default under the terms of the note, the notice terms have no meaning. Such a reading is inconsistent with the intent of the parties and with Texas law.

*Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 245 (5th Cir. 2018) (quoting *Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex. 1998)).

Even if Armijo's default does not bar his breach of contract claim, there is no genuine issue of material fact as to Defendants' compliance with the notice requirements.

Armijo further argues that the Substitute Trustee's Deed is invalid, but the undersigned will analyze that under his claim for trespass to try title.

And, so, the Court should grant Defendants summary judgment on this claim.

2. <u>Quiet Title</u>

"A suit to quiet title is a request to invoke the court's powers of equity in removing a 'cloud' on the plaintiff's title to the property." *Smitherman v. Bayview Loan Servicing, LLC*, 727 F. App'x 787, 790 (5th Cir. 2018) (citing *Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex. 1983)).

In a suit to quiet title, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see [that] he or she has a right of ownership that will warrant judicial interference." *Shastry v. U.S. Bank Nat'l Ass'n*, No. 3:16-cv-3335-G-BN, 2018 WL 4627132, at *12 (N.D. Tex. July 27, 2018); *accord Warren v. Bank of Am.*, N.A., 566 F. App'x 379, 382 (5th Cir. 2014) ("Under Texas law, to prevail in a suit to quiet title, the plaintiff must prove: (1) his right, title, or ownership in real property; (2) that the defendant has asserted a 'cloud' on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that the defendant's claim or encumbrance is invalid.").

To prevail, a plaintiff must "show a superior interest in the property." *Thompson v. Bank of Am. Nat. Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015). The plaintiff must recover on the strength of her own title, not on the weakness of her adversary's title. *See Fricks v. Hancock,* 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.).

And Texas courts have made clear that "a necessary prerequisite to [a quiet title action] is tender of whatever amount is owed on the note." *Cook-Ball v. Mortg. Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012).

Armijo argues that the foreclosure sale was invalid because "the proper substitute trustee had no authority to assert any rights under the Deed of Trust" and that Movement did not provide any notice or verification that the substitute trustee "acquired any right as substitute trustee under the 2019 Deed of Trust." *See* Dkt. No. 14-5 at 5. He further argues that notice of the sale is invalid. *See* Dkt. No. 22.

As Armijo has not cured the default, Defendants should be granted summary judgment on this claim. Armijo's "failed attempt to pay makes summary judgment appropriate on [his] suit to quiet title." *Logan v. Carrington Mortg. Servs., LLC*, No. CV H-18-3743, 2020 WL 853857, at *6 (S.D. Tex. Jan. 14, 2020), *rep. & rec. adopted*, 2020 WL 837594 (S.D. Tex. Feb. 20, 2020).

### 3.  Trespass to Try Title

"To prevail on a trespass to try title claim, a plaintiff must establish (1) a regular chain of conveyances from the sovereign; (2) superior title out of a common source; (3) title by limitations; or (4) title by prior possession coupled with proof that possession was not abandoned. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004), *superseded on other grounds by* TEX. CIV. PRAC. & REM. CODE § 37.004(c). As with a suit to quiet title, to succeed in a suit for trespass to try title, "the plaintiff must recover upon the strength of his own title and not the weakness of the defendant's title." [*Rocha v. Campos*, 574 S.W.2d 233, 235 (Tex. App.–Corpus Christi 1978, no writ).] (citing *Hejl v. Wirth*, 343 S.W.2d 226, 226 (Tex. 1961))."

*Rummans*, 2023 WL 6219396, at *3.

Defendants attach an Appointment of Substitute Trustee and Notice of Trustee Sale, which named substitute trustees, including Brandy Bacon as part of the Marinosci Law Group, and provided an address for the trustees. *See* Dkt. No. 18 at App. 66. As analyzed in the breach of contract claim, the record evidence establishes,

for these purposes, that the Appointment of Substitute Trustee was sent to Armijo. *See id.* at App. 68.

In addition to arguing that Defendants did not meet the notice requirements, Armijo also states the foreclosure sale is invalid because the "trustee failed to strictly comply with the Deed of Trust and requirements of Texas Property Code § 51.002." Dkt. No. 22 at 10. Armijo states that there is an issue of fact as to whether the substitute trustee's deed attached to Defendants' motion is the correct version. *See id.* at 12.

In a previous suit for eviction (Cause No. JPS-23-01247-51) filed by Lakeview Loan Servicing LLC against Armijo in the Justice Court, Precinct 5, Place 1, in Dallas County, Texas, Lakeview attached a Substitute Trustee's Deed signed by Brandy Bacon. *See* Dkt. No. 23, Ex. 2. Defendants attached the same Substitute Trustee's Deed to their Motion for Summary Judgment, but, in the attachment to the Motion for Summary Judgment, the top portion of the second page is missing the phrase "Property Code, as amended, or if no area was designated by the Commissioner's Court, the sale was conducted in the area immediately (next) adjacent to the location where the Notice of Sale was posted; and[.]" Dkt. No. 23, Ex. 2,, at 43. Lakeview argues that this a photocopying error in their reply and states it will attach the deed as recorded in the property records as an exhibit but failed to do so. *See* Dkt. No. 24 at 2.

But Armijo does not explain how the omission of the top of second page of the Substitute Trustee's Deed created a genuine issue of material fact as to the validity of the Substitute Trustee's Deed, and the Court should conclude that it does not.

Armijo also argues that the Substitute Trustee Deed does not contain the date of sale. As to the notice of substitute deed, the Texas Property Code only requires "that the name and a street address for a trustee or substitute trustees shall be disclosed" on a notice of foreclosure sale that will be conducted by a substitute trustee. TEX. PROP. CODE. § 51.0075(e); *see Wierman v. Prestige Default Servs.*, No. 21-11285, 2022 WL 2355439, at *2 (5th Cir. June 30, 2022). Armijo does not provide, and the undersigned has not located in Texas law, any requirement the Substitute Trustee Deed must contain the date of sale.

Armijo also states in his declaration that he did not receive notice that anyone other than Scott R. Valby was the trustee, but, as discussed above, summary judgment evidence shows a Notice of Appointment of Trustee was sent. *See* Dkt. No. 23 at 2.

And Armijo asserts that Defendants have not provided an auction affidavit, any assignment information, or any details of the sale. *See id.* But Defendants attach assignments showing that Lakeview assigned the Deed of Trust to Massachusetts Mutual Life Insurance Company and that Massachusetts Mutual Life Insurance Company then assigned the loan back to Lakeview. *See id.* at 39-42. And Armijo provides no evidence that Defendants must attach an auction affidavit.

And, so, the Court should determine that there is not a genuine issue of material fact as to whether Armijo has superior title and should grant Defendants summary judgment on this claim.

4. <u>Fraud in Real Estate Transaction</u>

Armijo asserts that "[t]he evidence … shows that Defendants made false affirmative statements in the Substitute Trustee's Deed regarding provision of the required notice, and that Defendants either knew those statements were false at the time they were made, or they were made recklessly because Defendants failed to perform a 5 minute search of the USPS Tracking records." Dkt. No. 22 at 14.

In his petition, Armijo clarifies that he is making a claim for fraud under Texas Business and Commerce Code § 27.01. *See* Dkt. No. 14-5 at 8.

The Texas Business and Commerce Code states that "[f]raud in a transaction involving real estate or stock in a corporation or joint stock company consists of a

> (1) false representation of a past or existing material fact, when the false representation is
>> (A) made to a person for the purpose of inducing that person to enter into a contract; and
>> (B) relied on by that person in entering into that contract; or
> (2) false promise to do an act, when the false promise is
>> (A) material;
>> (B) made with the intention of not fulfilling it;
>> (C) made to a person for the purpose of inducing that person to enter into a contract; and
>> (D) relied on by that person in entering into that contract.

Tex. Bus. & Com. Code §§ 27.01(a)(1), (2).

But Armijo has failed to raise a genuine issue of material fact that the false representations induced him to enter into the Note and Deed of Trust. *See Express*

*Working Cap., LLC v. One World Cuisine Grp.*, LLC, No. 3:15-cv-3792-S, 2018 WL 4214349, at *4 (N.D. Tex. Aug. 16, 2018) (discussing that the promissory note is a written contract).

And, as discussed above, Defendants have provided summary judgment that they sent the required notices.

And, so, the Court should grant Defendants summary judgment on this ground.

5. Wrongful Foreclosure

"A wrongful-foreclosure claim under Texas law has three elements: (i) a defect in the foreclosure sale proceedings; (ii) a grossly inadequate selling price'; and (iii) a causal connection between the defect and the grossly inadequate selling price. The plaintiff must allege a grossly inadequate selling price in all but a specific category of cases where the plaintiff alleges that the defendant deliberately chilled the bidding at the foreclosure sale." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767-68 (5th Cir. 2016) (cleaned up).

"A grossly inadequate price would have to be so little as 'to shock a correct mind." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (cleaned up). Courts have found that a house that is sold for more than 50% of the fair market value is generally sold for an adequate price. *See Water Dynamics Ltd. v. HSBC Bank USA, Nat'l Ass'n.*, 509 F. App'x 367, 369 (5th Cir. 2013) ("Texas cases establish that a foreclosure price exceeding 50% is not grossly inadequate.").

The summary judgment evidence shows the house was sold for $248,000. *See* Dkt. No. 17 at 17. The Dallas Central Appraisal District shows the house was estimated to be worth $315,030 in 2023. *See* Dkt. No. 20 at App. 75. "[U]nder Texas law, tax valuations are legally insufficient evidence of fair-market value." *Gonzalez v. U.S. Bank Nat. Ass'n ex rel. GMAC Mortg*., L.L.C., 548 F. App'x 118, 119 (5th Cir. 2013) (citing *United States v. Curtis*, 635 F.3d 704, 718 (5th Cir.2011)). But "[e]vidence of price paid, nearby sales, tax valuations, appraisals, online resources, and any other relevant factors may be offered to support" a property valuation. *Munguia v. Pennymac Loan Servs., LLC*, No. 7:20-CV-00070, 2020 WL 4934593, at *7 (S.D. Tex. Aug. 24, 2020) (citing *Nat. Gas Pipeline Co. of Am. v. Justiss*, 397 S.W.3d 150, 159 (Tex. 2012).

If the fair market value of the house was $315,030, then the house was sold for approximately 78% of its fair market value, which is over 50% of the fair market value.

But, even if not, Armijo has failed to raise a genuine issue of material fact that there was a causal connection between the selling price and alleged defect in foreclosure proceedings.

In his petition, Armijo argue states he has not received a "meaningful accounting" or proper notice in support of his wrongful foreclosure claim. Dkt. No. 14-5 at 7.

But Armijo does not further argue an inadequate selling price or other elements of a wrongful foreclosure claim in his response to Defendants' summary judgment motion.

When a non-moving party files a response to a motion for summary judgment and fails to include an argument about a claim, defense, or theory that the motion seeks to have the Court dismiss with prejudice, the Court may determine that the nonmoving party has abandoned the unaddressed claim, defense, or theory. *See Wilmington Sav. Fund Soc'y, FSB as trustee of CSMC 2020 RPL2 Tr. v. King-Johnson*, No. 3:23-cv-237-BN, 2023 WL 9052010, at *4 (N.D. Tex. Dec. 29, 2023) (collecting cases).

And, so, insofar as Armijo relies on his argument that he did not receive an accounting to support his wrongful foreclosure claim, that claim should be considered abandoned.

And Defendants should be granted summary judgment on this claim.

## Recommendation

The Court should grant Defendants' Motion for Summary Judgment [Dkt. No. 16] and dismiss with prejudice all of Armijo's claims.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 13, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE